# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1046
KA 11-00189
PRESENT: SCUDDER, P.J., SMITH, FAHEY, LINDLEY, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                           MEMORANDUM AND ORDER

RONALD DOCKERY, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ALAN WILLIAMS OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (ASHLEY RAE SMALL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Thomas P. Franczyk, J.), rendered December 8, 2010. The judgment convicted defendant, upon a nonjury verdict, of criminal contempt in the first degree and false personation.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a nonjury trial of criminal contempt in the first degree (Penal Law § 215.51 [b] [v]) and false personation (§ 190.23). Defendant failed to preserve for our review his contention that the allegations in the People's bill of particulars varied materially from the evidence adduced by them at trial (*see People v Inocencio*, 173 AD2d 732, *lv denied* 78 NY2d 967; *see generally People v Gray*, 86 NY2d 10, 19), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Defendant also failed to preserve for our review his contentions that the evidence is legally insufficient to support the conviction of criminal contempt because the victim was not properly named in the order of protection and because that order was improperly issued pursuant to CPL 530.13 rather than CPL 530.11 (1) (e). Even assuming, arguendo, that his motion for a trial order of dismissal was timely despite having been made after he rested, we conclude that defendant's motion was not " 'specifically directed' at" the alleged deficiencies raised on appeal (*Gray*, 86 NY2d at 19). In any event, the evidence, viewed in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621), is legally sufficient to support the conviction (*see generally People v Bleakley*, 69 NY2d 490, 495). Furthermore, viewing the evidence in light of the elements of the crimes in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349), and affording appropriate deference to County Court's

credibility determinations (*see People v White*, 43 AD3d 1407, 1408, *lv denied* 9 NY3d 1010), we conclude that the alleged deficiencies in the evidence are not so substantial as to render the verdict against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495). Defendant's further contention that the court erred in admitting in evidence the certified copy of the order of protection and thus that the evidence is legally insufficient with respect to the existence of a valid order is lacking in merit, inasmuch as the record establishes that the copy was properly certified (*see* CPLR 4540 [b]; *cf. People v Smith*, 258 AD2d 245, 249-250, *lv denied* 94 NY2d 829).

We have considered defendant's remaining contentions and conclude that they are without merit.

Entered:  September 28, 2012                           Frances E. Cafarell
                                                      Clerk of the Court